IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, an employee benefit plan, and ROBERT KINTZ, CHRIS G. GRIESEDIECK, FRED KERN, GARY COSSARINI, LaNITA MILLER, and ROBIN NORRIS, Trustees of Local 682 Health and Welfare Trust Fund, <br><br> Plaintiffs, <br><br> v. <br><br> RILEY READY MIX MATERIALS, INC., <br><br> Defendant., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No.: |

## **COMPLAINT**

COMES NOW Plaintiffs, Local 682 Health and Welfare Trust Fund, et al by and through their attorneys, Daniel M. McLaughlin and SPECTOR, WOLFE & McLAUGHLIN, LLC, complaining of the Defendant, Riley Ready Mix Materials, Inc., and alleges as follows:

1. Plaintiff Local 682 Health and Welfare Trust Fund, (hereinafter "Fund") is an employee benefit plan within the meaning of Sections 3(1), (2), (3), (21), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (2), (3), (21), 1132 and 1145.  Plaintiffs Robert Kintz, Chris G. Griesedieck, Fred Kern, Gary Cossarini, LaNita Miller and Robin Norris (hereinafter "Trustees"), are the duly designated and acting Trustees of the Fund, and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. § 1002(21)(A) and 1132.

2. Defendant, Riley Ready Mix Materials, Inc. (hereinafter "Defendant"), is a company, authorized to conduct business under the laws of the State of Missouri and as such was

1

an employer and party in interest in an industry affecting commerce within the meanings of Section 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. § 1002(5), (11), (12), and 1145.  Defendant employs individuals who are members of, and represented by, Local 682, a local labor organization, and has agreed to provide participation in the Plaintiff Fund, so as to provide for benefits for employees of Defendant.  Defendant has its principal place of business at 4501 Telegraph Road, Suite E, St. Louis, MO 63129.

      3.      This Court has jurisdiction by reasons of Sections 502(a)(3)(ii) and 515 of ERISA, as amended, 29 U.S.C. § 1132(a)(3)(B)(ii), 1132(e)(1) and 1145, in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plan.

      4.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) in that the plan is administered in the Eastern District of Missouri and Defendant can be found in the Eastern District of Missouri.

      5.      At all times material hereto, Defendant was a party to, and agreed to abide by, the provisions of the collective bargaining agreement (hereinafter the "Agreement") requiring monthly payments to the Fund in specified amounts.  A copy of the Agreement is attached hereto, marked as Plaintiffs' **Exhibit A** and made a part hereof.

      6.      Pursuant to Section 515 ERISA, as amended, U.S.C. § 1145, the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Fund Agreement and Declaration of Trust.  A copy of the Fund Agreement and Declaration of Trust is attached hereto, marked as Plaintiffs' **Exhibit B** and made a part hereof.

      7.      Pursuant to Exhibit A, Article V,  Section 5.03 (b) of the Agreement and Declaration of Trust, the Fund has engaged Wolfe Nilges Nahorski, P.C., to examine the payroll

records of the Defendant.

8. Pursuant to said Article V, Section 5.03 (b) cited with Paragraph 8 of this Complaint, said Wolfe Nilges Nahorski, P.C. has performed a payroll compliance audit which determined contributions owed by the Defendant to the Plaintiff Fund for the period July 1, 2005 through September 30, 2008, in the amount of Thirty Seven Thousand One Hundred and Forty-Seven Dollars and Fifty Cents ($37,147.50) for the Local 682 Health and Welfare Trust Fund. A copy of the Report is attached hereto, marked as Plaintiffs' **Exhibit C** and made a part hereof.

9. On or about April 15, 2010, Defendant was provided with a copy of a Payroll Compliance Examination Report which found that Defendant is delinquent in the sum of Thirty Seven Thousand One Hundred and Forty-Seven Dollars and Fifty Cents ($37,147.50). A copy of Plaintiffs' demand letter is attached hereto, marked as Plaintiffs' **Exhibit D** and made a part hereof.

10. After several months of challenges offered by the Defendant to the Payroll Compliance Examination Report the Fund determined that the Defendant remained delinquent to the sum of Thirty Seven Thousand Twenty-Three Dollars and Forty-Three Cents ($37,023.43). A copy of Plaintiffs' demand letters are attached hereto, marked as Plaintiffs' **Exhibit E** and made a part hereof.

10. Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan - (a) the unpaid contributions; (b) interest on the unpaid contributions  (c) an amount equal to the greater of  (1) interest on the unpaid contributions, or (2) liquidated damages provided for under the plan in an amount not in excess

of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate."

11.     Defendant has failed to remit to Plaintiffs the sum of Thirty Seven Thousand Twenty-Three Dollars and Forty-Three Cents ($37,023.43), plus interest and interest in lieu of liquidated damages.

WHEREFORE, Plaintiffs pray the Court as follows:

A.      That judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of Thirty Seven Thousand Twenty-Three Dollars and Forty-Three Cents ($37,023.43), plus interest and interest in lieu of liquidated damages and costs;

B.      That the Defendant be decreed to pay to the Plaintiffs' Fund their reasonable attorney's fees as provided by 29 U.S.C. Section 1132(g)(2);

C.      That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiff Fund, particularly to furnish to the Plaintiff Fund the required contribution reports and heretofore referred to; and

D.      For any other and further relief as may be deemed just and equitable by the Court.

Respectfully Submitted,

LOCAL 682 HEALTH and WELFARE FUND,
an employee benefit plan, et al.


/s/ Daniel M. McLaughlin
Daniel M. McLaughlin # 52750MO
SPECTOR, WOLFE & McLAUGHLIN, LLC
117 West Woodbine Avenue
Kirkwood, Missouri 63122
(314) 909-0303 Telephone
(314) 909-0306 Facsimile
dan@spectorwolfe.com
Attorney for Plaintiffs